UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRISHA FLOYD and CHRISTOPHER
FLOYD, on their own behalf and on
behalf of their minor child S.F.

    Plaintiffs,

v.                                               Case No: 2:15-cv-795-FtM-38CM

THE CITY OF SANIBEL,

    Defendant.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on Defendant City of Sanibel's Motion for Reconsideration of Order Denying Summary Judgment (Doc. 121) filed on October 25, 2017. For the reasons stated below, the Court denies the City's Motion.

## BACKGROUND

This case stems from mold found in the Plaintiffs Trisha Floyd, Christopher Floyd, and their minor child S.F.'s apartment. As a result, Plaintiffs filed a multi-count complaint against the City of Sanibel, Community Housing Resources, Inc. ("CHR"), and Kelly Collini. (Doc. 7). On April 11, 2016, Plaintiffs voluntarily dismissed CHR and Kelly Collini

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Doc. 47). Of note, the Plaintiffs dismissed their claims with prejudice against "only" CHR and Collini.

More than a year later, the City moved for summary judgment against Plaintiffs. (Doc. 86). Ultimately, the Court denied the motion because questions of fact existed. (Doc. 104). Then the Court dismissed CHR and Collini with prejudice in accordance with Plaintiffs' voluntary dismissal on October 4, 2017. (Doc. 111). Now, the City moves for reconsideration of the Court's denial of its Motion for Summary Judgment. (Doc. 121).

## STANDARD OF REVIEW

To justify reconsideration, courts generally look to three grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *Cazorla Salinas v. Weinkle*, 14-CV-62481, 2015 WL 11198008, at *1 (S.D. Fla. Oct. 2, 2015). But "[a] motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009). "Denial of a motion for reconsideration is especially sound when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage in the litigation." *Sanderlin v. Seminole Tribe of Florida*, 243 F.3d 1282, 1292 (11th Cir. 2001) (internal quotations and citation omitted). Ultimately, reconsideration of a previous order is an extraordinary remedy to be used sparingly. See *Schwarz v. Villages Charter Sch., Inc.*, 5:12-CV-177-OC-34PRL, 2015 WL 12856106, at *1 (M.D. Fla. Nov. 17, 2015).

## DISCUSSION

For the first time—the City argues that it cannot be held vicariously liable for the acts of its purported agent, CHR, because CHR was dismissed from the action, and therefore Plaintiffs vicarious liability claims against City are extinguished. (Doc. 121). As stated, a motion for reconsideration is not the appropriate vehicle to raise new arguments. *See Wilchombe,* 555 F.3d at 957. And this argument did not suddenly became available after the Court decided the City's Motion for Summary Judgment. In fact, this argument was available as early as April 11, 2016 when Plaintiffs voluntarily dismissed CHR and Collini. (Doc. 47). Because a Rule 41(a)(1)(A)(i) notice of dismissal is effective upon filing and requires no further action by the court, the Court's later order dismissing CHR and Collini had no impact on the availability of the City's argument. *See Anago Fran., Inc. v. Shaz, LLC,* 677 F.3d 1272, 1278 (11th Cir. 2012) ("We have found that notices of dismissal allowed for under Rule 41(a)(1)(A)(i) are effective upon filing.") In other words, the basis for City's argument materialized in early 2016 but was not raised until more than a year-and-a-half later. Since this argument was available before the City moved for summary judgment, the Court will not address it on a motion for reconsideration.

Accordingly, it is now **ORDERED:**

1. Defendant City of Sanibel's Motion for Reconsideration of Order Denying Summary Judgment (Doc. 121) is **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida this 1st day of November, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record